JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS

Catherine Durivage, on behalf of herself and all others similarly situated

**DEFENDANTS**

The Hearst Corporation, et al

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Cameron
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Michael R. Cowen
MICHAEL R. COWEN, P.C.
765 E. 7th Street, Suite A
Brownsville, Tx. 78520

ATTORNEYS (IF KNOWN)

B-CC-170

## II. BASIS OF JURISDICTION (PLACE AN × IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN × IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

15 U.S.C. §§ 15(a) and 26. Antitrust class action alleging price fixing in the magazine industry.

## V. NATURE OF SUIT (PLACE AN × IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med Malpractice | ☐ 620 Other Food & Drug | | ☒ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury— Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R R & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U S Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | | ☐ 550 Other | | | |

## VI. ORIGIN (PLACE AN × IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P 23

DEMAND $

Check YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____  DOCKET NUMBER _____

DATE
10/24/2000

SIGNATURE OF ATTORNEY OF RECORD

Michael R. Cowen

UNITED STATES DISTRICT COURT

*1*

United States District Court
Southern District of Texas
FILED

OCT 2 4 2000

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| CATHERINE DURIVAGE, on behalf of herself and all others similarly situated, ) ) | |
| Plaintiffs, ) | Civ. Action No. **B - 0 0 - 1 7 0** |
| v. ) | |
| THE HEARST CORPORATION; TIME, INC.; ) THE CONDÉ NAST PUBLICATIONS, INC.; ) THE READER'S DIGEST ASSOCIATION, ) INC.; TV GUIDE, INC.; MEREDITH ) CORPORATION; GRUNER +JAHR ) PRINTING & PUBLISHING COMPANY; ) RODALE PRESS, INC.; ZIFF-DAVIS INC.; ) NEWSWEEK, INC.; INTERNATIONAL ) DATA GROUP, INC.; PRIMEDIA, INC.; and ) MAGAZINE PUBLISHERS OF AMERICA, ) | CLASS ACTION<br><br>JURY DEMANDED |
| Defendants. ) ) | |

## PLAINTIFF'S ORIGINAL CLASS ACTION COMPLAINT

Plaintiff brings this action under the antitrust laws of the United States, on behalf of herself and all others similarly situated, for injunctive relief, declaratory relief and treble damages. For her Complaint against the above-named Defendants, Plaintiff alleges as follows:

### I. Nature of the Action

1.    Defendants are many of the leading publishers of consumer magazines in the United States, and a trade association of such publishers.

2.    As alleged more fully below, the prices paid by American magazine subscribers have been inflated by a pervasive and systematic conspiracy designed to artificially limit the discounting of magazine subscription prices. The restraints on discounting imposed by that conspiracy are reflected in the written rules adopted by two industry organizations: the Audit Bureau of Circulations ("ABC"), a "self-regulatory" arm of the publishing industry headquartered in Schaumburg, Illinois;

CLASS ACTION COMPLAINT - 1

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE (206) 623-1900
FACSIMILE (206) 623-3384

1   and Defendant Magazine Publishers of America ("MPA"), a magazine trade association located in
2   New York, New York.  Those rules limiting discounting, and the broader conspiracy they reflect, are
    the subject matter of this case.

3       3.      The centerpiece of Defendants' conspiracy is an agreement among Defendants and
4   their co-conspirators not to offer or sell magazine subscriptions at more than a 50% discount to the
5   magazine's "basic" or list price.  In abiding by this price-fixing agreement, publishers have
6   restrained their independent sales agents from offering discounts on subscription prices that are more
7   than 50% of the magazine's "basic" subscription price, even though competition would produce such
8   discounting absent the publishers' agreement.  As a result of the publishers' price-fixing agreement,
9   Plaintiff and other class members have been illegally forced to pay inflated prices for subscriptions
10  to Defendants' magazines.

11      4.      Plaintiff and other class members are subscribers to magazines published by
12  Defendants and their fellow MPA members.  Plaintiff brings this action seeking a judgment that
13  Defendants' conspiracy is a *per se* violation of section 1 of the Sherman Act, 15 U.S.C. § 1, and that
14  Plaintiff and other class members have been damaged thereby.

15                          **II.  Jurisdiction and Venue**

16      5.      This antitrust class action is brought under sections 4 and 16 of the Clayton Act, 15
17  U.S.C. §§15(a) and 26, by Plaintiff individually and as representative of all other persons similarly
18  situated (as defined more fully below) to obtain injunctive relief and to recover damages sustained
19  by reason of Defendants' violation of section 1 of the Sherman Act.

20      6.      This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1337(a).

21      7.      Venue is proper in this District pursuant to 15 U.S.C. § 22 and 28 U.S.C. § 1391
22  because each Defendant is an inhabitant of this District, or is found or transacts business in this
23  District, and/or participated in the alleged conspiracy in this District.

24      9.      The Court has personal jurisdiction over each Defendant pursuant to 15 U.S.C. § 22.

25

26
    CLASS ACTION COMPLAINT - 2

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE  (206) 623-1900
FACSIMILE  (206) 623-3384

### III. The Parties

10.    Plaintiff Catherine Durivage is an individual residing in Harlingen, Texas. During the Class period, as defined below, Plaintiff purchased one or more subscriptions from Defendants at prices that were inflated by Defendants' illegal price-fixing conspiracy.  Plaintiff is a member of the Plaintiff Class (as defined in paragraph 46 below).

11.    Defendant The Hearst Corporation ("Hearst") is a corporation organized and existing under the laws of the State of Delaware and having its principal place of business in New York, New York. Hearst's publications include Cosmopolitan and Esquire.  Hearst is a member of ABC and has a seat on the Board of Directors of MPA.

12.    Defendant Time Inc. ("Time') is a corporation organized and existing under the laws of the State of Delaware and having its principal place of business in New York, New York. Publications include Time, People and Sports Illustrated.  Time is a member of ABC and has a seat Board of Directors of MPA.

13.    Defendant The Condé Nast Publications, Inc. ("Condé Nast") is a corporation organized and existing under the laws of the State of New York and having its principal place of business in New York, New York.  Condé Nast's publications include Vogue and Vanity Fair. Condé Nast is a member of ABC and has a seat on the Board of Directors of MPA.

14.    Defendant The Reader's Digest Association, Inc. ("Reader's Digest") is a corporation organized and existing under the laws of the State of Delaware and having its principal place of business in Pleasantville, New York.  Reader's Digest publishes Reader's Digest.  Reader's Digest is a member of ABC and has a seat on the Board of Directors of MPA.

15.    Defendant TV Guide, Inc. ("TVG") is a corporation organized and existing under the laws of the State of Delaware and having its principal place of business in Tulsa, Oklahoma.  TVG's publications include TV Guide.  TVG is a member of ABC and has a seat on the Board of Directors of MPA.

16.    Defendant Meredith Corporation ("Meredith") is a corporation organized and existing

CLASS ACTION COMPLAINT - 3

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE (206) 623-1900
FACSIMILE (206) 623-3384

under the laws of the State of Iowa and having its principal place of business in Des Moines, Iowa.
Meredith's publications include Better Homes and Gardens and Ladies' Home Journal. Meredith is
a member of ABC and has a seat on the Board of Directors of MPA.

17.    Defendant Gruner + Jahr Printing & Publishing Company ("G+J") is a general
partnership organized and existing under the laws of the State of Delaware and having its principal
place of business in new York, New York. G+J's publications include Family Circle and McCall's.
G+J is a member of ABC and has a scat on the Board of Directors of MPA.

18.    Defendant Rodale Press, Inc. ("Rodale") is a corporation organized and existing
under the laws of the State of Pennsylvania and having its principal place of business in Emmaus,
Pennsylvania. Rodale's publications include Prevention and Men's Health. Rodale is a member of
ABC and has  a seat on the Board of Directors of MPA.

19.    Defendant Ziff-Davis Inc. ("ZD") is a corporation organized and existing under the
laws of the State of Delaware and having its principal place or business in New York, New York.
ZD's publications include PC Magazine and PC Week. ZD is a member of ABC and has a seat on
the Board of Directors of MPA.

20.    Defendant Newsweek, Inc. ("Newsweek") is a corporation organized and existing
under the laws of the State of Delaware and having its principal place of business in Washington,
D.C. Newsweek publishes Newsweek. Newsweek is a member of ABC and has a seat on the Board
of Directors of MPA.

21.    Defendant International Data Group, Inc. ("IDG") is a corporation organized and
existing under the laws of the State of Massachusetts and having its principal place of business in
Boston, Massachusetts. IDG'S publications include PC World and Gamepro. IDG is a member of
ABC and has a seat on the Board of Directors of MPA.

22.    Defendant Primedia, Inc. ("Primedia") is a corporation organized and existing under
the laws of the State of Delaware and having its principal place of business in New York, New York.
Primedia's publications include New York magazine and Seventeen. Primedia is a member of ABC

CLASS ACTION COMPLAINT - 4

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE (206) 623-1900
FACSIMILE (206) 623-3384

and has a seat on the Board of Directors of MPA.

23.     Defendant MPA is a not-for-profit association of magazine publishers having its principal place of business in New York, New York. MPA's membership consists of more than 200 publishers that collectively publish more than 1,200 magazine titles. MPA is governed by its Board of Directors that includes representatives of Defendants herein.

## IV. Co-Conspirators

24.     Other persons and entities not named as defendants herein have participated as co-conspirators in the antitrust violations described herein and have performed acts and made statements in furtherance thereof, including but not limited to the MPA members not named as defendants.

## V. Trade and Commerce

25.     The publications at issue in this case are sold in interstate commerce, and the unlawful activities of Defendants challenged in this action have occurred in, and have had a substantial effect upon, interstate commerce.

## VI. Operative Facts
## The Subscription Sales Process

26.     Consumers purchase subscriptions to Defendants' publications either by: (a) placing an order directly with the publisher; or (b) placing an order with an agent or subagent of the publisher who has the ability to enter the consumer's name and address on the publisher's subscription list.

27.     Magazine publishers use subscription agents and subagents in an effort to reach consumers who might not otherwise subscribe to their publications, and to simultaneously provide subscribers with a variety of magazine choices. These agents include, but are not limited to, organizations known in the industry as "stamp sheet" companies, the largest of which are Publishers Clearing House and American Family Publishers. Stamp sheet companies send millions of solicitations through the mail to potential subscribers and offer "sweepstakes" prizes in order to induce the recipient to open and read the solicitation (although in most cases no purchase is

CLASS ACTION COMPLAINT - 5

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE  (206) 623-1900
FACSIMILE  (206) 623-3384

necessary to win the prize). These solicitations include perforated sheets containing hundreds of magazine subscription offers at specified prices, which are typically the lowest prices available to the general public.

28. Consumer magazine publishers enter into contracts with each of their subscription agents setting the minimum price the agent is permitted to charge for subscriptions to that publisher's magazines. In most cases, the subscription agent is in turn permitted to authorize sales by "subagents," who are given a price list specifying the retail price of each magazine the agent has available for sale. Subagents may in turn have their own sub-subagents. In return for their services, the subscription agents and subagents are allowed by the publisher to keep a portion of the subscription revenues they generate and a commission.

## VII. The Economics of Subscription Sales

29. Magazine publishers compete among themselves for two sources of revenue. First, publishers compete for sales of magazines to consumers, either through subscriptions or through single-copy (newsstand) sales. This is competition for readership or circulation. Second, magazine publishers compete against each other for advertising dollars, which constitute a significant portion of the magazines' revenues. Other things being equal, the magazine's readership or circulation determines the rates it is able to charge advertisers for advertising in that magazine.

29. In addition, because subscription agents and subagents typically sell the same magazines, the agents themselves can compete against one another for subscribers. Because subscription agents and subagents retain a portion of the revenue from each subscription they sell, they are motivated to sell as many subscriptions as possible. Absent the price-fixing agreement alleged herein, subscription agents naturally would compete against each other by reducing subscription prices in an attempt to undercut their competitors and thereby increase their share of new or renewal subscriptions. For example, a subscription agent such as Publishers Clearing House has an incentive to offer subscriptions for Time magazine at a price below American Family Publishers' subscription price in order to: (a) induce new Time subscribers to order from Publishers

CLASS ACTION COMPLAINT - 6

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE  (206) 623-1900
FACSIMILE  (206) 623-3384

1   Clearing House rather than other subscription agents, (b) attract consumers who are renewing their

2   subscriptions to order through Publishers Clearing House rather than another subscription agent; and

    (c) induce Time subscribers to subscribe to additional magazines as well.

3       30.    The economics of the magazine business are such that one would expect to find

4   extremely low subscription prices, for several reasons.  First, the marginal cost for adding a

5   subscriber is low.  Second, the marginal revenue generated by an additional subscriber includes not

6   only the additional subscription revenue collected from the subscriber herself, but also the additional

7   advertising revenue generated by higher circulation.  This feature of the industry gives magazine

8   publishers an incentive to discount that does not exist in most other businesses.

9       31.    Working together, these competitive and economic forces would have driven the

10  price of magazine subscriptions substantially below current levels if Defendants had not agreed to

11  refrain from substantial discounting.

12                      **VIII.  Defendants' Illegal Agreement**

13      32.    Defendants and their co-conspirators have implemented an illegal, artificial restraint

14  of trade that improperly interferes with the competitive forces described above.  The linchpin of that

15  effort is the publishers' jointly-established definition of "paid circulation," which provides that

16  publishers will not include, in their circulation figures, consumers who pay less than 50% of the

17  magazine's "basic" or list price.  As a result of this definition of "paid circulation," sales that are

18  made at 45% or 48% of a magazine's "basic" list price are not counted toward the circulation figures

19  that advertisers see.  This artificial, industry-wide definition effectively eliminates a publisher's

20  principal incentive to engage in substantial discounting, since subscriptions sold at less than 50% of

21  the list price will not be considered part of the magazine's circulation for purposes of selling

22  advertising.

23      33.    The artificial definition of "paid circulation" and other ground rules of the conspiracy

24  are spelled out in the Bylaws and Rules of ABC and in industry-wide "guidelines" adopted by the

25  MPA.

26

CLASS ACTION COMPLAINT - 7

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE  (206) 623-1900
FACSIMILE  (206) 623-3384

CMsPDF - www.fesisa.com

34.     ABC's rules are strictly enforced both by ABC's Board of Directors and by the magazines individually.  As an initial matter, Section 2.6 of the ABC Bylaws provides that any applicant for membership in ABC must "agree to abide by the published bylaws, rules, policies and practices of the Bureau and all amendments and additions that may in due form be made thereto." Failure to abide by any Bylaw or Rule can result in expulsion.  ABC Bylaws, § 7.2.  The Bylaws go so far as to create a procedure whereby one member of ABC can bring charges against another for failure to comply with any applicable Bylaw or Rule, resulting in a hearing and adjudication by the Board of Directors.  Id. § 7.3.  Section 7.3 concludes: "If [the ABC Board of Directors] determines that the accused is guilty [of the charges], the board may censure, place on probation or expel such member."

35.     Most advertisers insist on circulation figures audited by ABC.  Hence, for a publisher that relies on advertising revenue, membership in ABC is essential.  In order to maintain its membership in ABC, a magazine publisher is required to abide by the artificial definition of "paid circulation" by agreeing not to include in its circulation figures subscriptions sold at less than 50% of the magazine's "basic" price.  ABC Rules § 2.11.  In addition, the ABC Bylaws provide that a magazine which sells more than 30% of its subscriptions at discounted prices is considered a publication without "paid circulation," and must report its circulation figures to advertisers "in a manner that is distinguishable from magazines with 70% or more paid circulation."  ABC Bylaws §§ 2.11 & 2.2(d)(4).

36.     In addition to the Rules and Bylaws of ABC itself, the consumer magazine industry has used the ABC definition of "paid circulation" to stifle price competition among subscription agents by collectively requiring all agents to sell at no less than 50% of the publication's ABC-determined list price.

37.     In March 1998, the Magazine Publishers of America adopted a written policy entitled "Guidelines on Relations with Subscription Agents," which codified prior practice.  The Foreword to that document states that the MPA's Board of Directors "has unanimously endorsed the industry-

CLASS ACTION COMPLAINT - 8

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE (206) 623-1900
FACSIMILE (206) 623-3384

wide implementation of the Guidelines and urges all publishers, including nonmembers to strongly and uniformly enforce them." Each MPA member has implemented the MPA Guidelines.

38.    For example, sections 1 and 4 of the MPA Guidelines provide in relevant part:

### 1.    METHODS OF SELLING.

**(a) Written Agreements.**  Publishers will enter into written agreements with their authorized subscription Agents.  The agreements will provide that the Agents will comply with these Guidelines. . . .

\*    \*    \*

### 4.    AGENTS' COMMITMENTS TO PUBLISHERS.

**(a) Paid Circulation and Authorized Selling Plans.**  Agents shall solicit or process or clear subscription orders *only if they qualify as paid circulation by the rules of the Audit Bureau of Circulations* ... [emphasis supplied]

39.    Paragraphs 1(a) and 4(a) of the MPA Guidelines require each magazine publisher to enter into written agreements with each of its subscription agents that prohibit each such agent from processing or accepting subscriptions sold at less than 50% of the magazine's basic price.  The Guidelines' terms constitute a horizontal price - fixing agreement.

40.    Furthermore, paragraphs 2 and 4 of the MPA Guidelines state in relevant part:

### 2.  THE USE OF SUBACENTS.

**(a) Subagent Agreements.**  Agents will not accept for processing or clearing subscription orders from any Subagent unless:

(i) the Subagent is on a list of Subagents and Third Parties approved by the Agent and submitted to the Publisher by the Agent; and

(ii) the Agent has entered into a written subagent agreement with the Subagent.  The subagent agreement must contain a commitment by the Subagent that it is familiar with these Guidelines . . . and will comply with them . . . .

(iii) Publisher may at any time advise the Agent that it disapproves of any Subagent or Third Party on the Agents' approved list of Subagents and Third Parties, and Agent will thereupon discontinue submitting orders to the Publisher that have been solicited or processed by the disapproved Subagent or Third Party, and will remove that Subagent or Third Party from the list.

CLASS ACTION COMPLAINT - 9

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE  (206) 623-1900
FACSIMILE  (206) 623-3384

**(b) Subagent Coding.** All subscription orders submitted by Agents to Publishers for fulfillment will be coded to identify the Agent, and all Subagents and Third Parties who have solicited or processed or cleared the orders . . . .

\*   \*   \*

### 4. AGENTS' COMMITMENTS TO PUBLISHERS . . .

**(d) Other terms and conditions.** Upon request, Agents shall inform the Publishers of all terms and conditions of the subscription orders received by Agents from subscribers . . . .

41.     The foregoing provisions of the MPA Guidelines enable publishers to police and enforce compliance with the industry's prohibition against selling subscriptions for less than 50% of a magazine's list price. For example, the Guidelines provide that agents are required to inform the publisher of the price at which subscriptions are sold (¶4(d)); to enter into written agreements with all subagents (¶2(a)(ii)); to submit a list of subagents to the publisher (¶2(a)(i)); to code subscription orders so that the publisher can identify all subagents and "third parties" involved in processing each order (¶2(b)); and to cease doing business with any subagent or third party disapproved by the publisher (¶2(a)(iii)). A principal purpose and effect of these provisions - especially the restraint on discounting - is to give magazine publishers as a group absolute control over the price at which subscriptions are sold. The publishers would not have been able to impose these restraints on the agents had they not done so as a group.

42.     Magazine publishers have used the MPA Guidelines to discipline or eliminate agents and subagents that provide to consumers discounts lower than the 50% discount floor. For example, subscription agents that sell magazines at less than 50% of the magazine's list price have been told that their prices are "illegal" and have been threatened with termination of supply if they fail to comply with the MPA Guidelines by raising their prices. Agents that process discounted subscriptions also have been told that they are in breach of industry guidelines and have been threatened with "deauthorization" if they continue to do so. These threats are the result of collective efforts by the Defendants and their co-conspirators to enforce an illegal price-fixing agreement.

CLASS ACTION COMPLAINT - 10

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE (206) 623-1900
FACSIMILE (206) 623-3384

43.     The very fact that the magazine publishing industry needs to monitor and police compliance with the 50% discount floor confirms that, absent the restrictions, magazine publishers and their agents would sell subscriptions at lower prices. The horizontal agreement alleged herein was designed to protect the industry's profits by preventing such competition. The magazine publishers collectively determined that the industry's overall profits would be higher without price competition than they would be with such competition.

44.     In the absence of a horizontal agreement among magazine publishers restricting discounts on sales through subscription agents, competition among subscription agents who sell the same magazines would force down subscription prices for such magazines. However, because of the industry-wide agreement alleged herein, such pricing decisions cannot occur.

45.     Moreover, by restricting discounting (and thereby inflating prices) the horizontal agreement alleged herein restricts output, as industry-wide sales of consumer magazines would be higher if subscription prices were not inflated by the restraint on discounting.

### IX. Class Allegations

46.     Plaintiff brings this action on behalf of herself and. under Rules 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure, on behalf of all other persons similarly situated (the "Plaintiff Class"), for treble damages and for injunctive and declaratory relief. The Plaintiff Class is defined to be: all persons who have purchased a subscription to a consumer magazine from any Defendant or any co-conspirator of a Defendant, through an agent or subagent of the publisher, during the Class Period, which begins four years prior to the date on which this action is filed and continues through the date on which Defendants' illegal conspiracy is terminated.

47.     The Plaintiff Class is so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown at this time, the Plaintiff Class is believed to number in the millions.

48.     Common questions of law and fact exist as to each Class member's claim against Defendants, including each of the following: (1) whether defendants have combined, conspired and

CLASS ACTION COMPLAINT - 11

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE (206) 623-1900
FACSIMILE (206) 623-3384

agreed among themselves to limit discounting of subscription prices; (2) the duration of Defendants' illegal conspiracy; (3) whether Defendants' conspiracy is illegal *per se;* (4) whether Defendants' conspiracy has harmed Plaintiff and other Class members; and (5) the appropriate relief.

49.     Plaintiff's claims are typical of the claims of Plaintiff Class members, because Plaintiff and all Plaintiff Class members have sustained injury in the same way as a result of the same illegal conduct, and because all such claims arise out of the same nucleus of operative facts and are based on the same legal theories.

50.     Plaintiff will fairly and adequately protect the interests of Class members.  Plaintiff has retained counsel who are experienced in class action and antitrust litigation, and Plaintiff has no interests which are adverse to or in conflict with other Class members.

51.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because common questions of law and fact predominate over any questions affecting only individual members of the Plaintiff Class.  The damages suffered by Class members can be determined on a class-wide basis with only minor variations among members of the Plaintiff Class.

52.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) because Defendants have acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief with respect to the Class.

53.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  The damages suffered by each Class member may be relatively small, such that the expense and burden of litigation would make it difficult or impractical for Class members to seek redress individually.  Defendants are jointly and severally liable for the damages suffered by Plaintiff and other members of the Plaintiff Class.  Class treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum, simultaneously and efficiently, without the unnecessary duplication of evidence, effort and expense that numerous individual actions would entail.

54.     Plaintiff knows of no difficulty which will be encountered in the management of this

CLASS ACTION COMPLAINT - 12

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE (206) 623-1900
FACSIMILE (206) 623-3384

action that might preclude its maintenance as a class action.

## X. Antitrust Violation

55.     Beginning on a date uncertain, but no later than four years prior to commencement of this action, and continuing through the present day, Defendants and their co-conspirators have entered into a continuing contract, combination and conspiracy in restraint of trade, the purpose and effect of which has been to restrict price competition among their agents and to raise, fix, stabilize and maintain the price of magazine subscriptions sold to consumers in the United States. Defendants' conspiracy constitutes horizontal price-fixing and is illegal *per se*.

56.     Plaintiff and other members of the Plaintiff Class have been injured in their property by reason of Defendants' antitrust violations. Plaintiff and other members of the Plaintiff Class have been deprived of the benefits of price competition and have been forced to pay higher prices for magazine subscriptions than would have been paid in the absence of those violations. That injury is injury of the type the antitrust laws were designed to prevent and flows from that which makes Defendants' acts unlawful.

57.     Defendants' conduct threatens continuing loss and injury to Plaintiff and other members of the Plaintiff Class if not enjoined by this Court.

WHEREFORE, Plaintiff prays for judgment against Defendants and for the following relief:

A.     A determination that this action may be maintained as a class action pursuant to Rules 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure.

B.     A declaration that Defendants have violated Section I of the Sherman Act by entering into the agreements and understandings alleged above;

C.     Permanent injunctive relief enjoining Defendants from continuing their illegal conspiracy, and requiring them to take affirmative steps to dissipate the effects of their prior violations;

D.     Threefold the damages actually sustained by Plaintiff and all other members of the Plaintiff Class by reason of this unlawful conspiracy, as determined by a jury;

CLASS ACTION COMPLAINT - 13

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE (206) 623-1900
FACSIMILE (206) 623-3384

E.    The costs of this suit, including a reasonable attorneys' fee; and

F.    Such other and further relief as the Court deems just and proper.

## XI.  Jury Demand

Plaintiffs hereby demand a trial by jury of all issues so triable.

CLASS ACTION COMPLAINT - 14

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE  (206) 623-1900
FACSIMILE  (206) 623-3384

Dated this 24th day of October, 2000.

LAW OFFICES OF MICHAEL R. COWEN, P.C.

By _____
Michael R. Cowen
State Bar No. 00795306
Southern District of Texas No. 19967
765 E. 7th Street, Suite A
Brownsville, Texas 78520
Telephone: (956) 541-4981
Facsimile: (956) 504-3674

SCHIRRMEISTER AJAMIE, L.L.P.
Thomas R. Ajamie
State Bar No. 00952400
Southern District of Texas No. 6165
Andrew C. Schirrmeister III
State Bar No. 17750650
Southern District of Texas No. 5546
Pennzoil Place – South Tower
711 Louisiana, Suite 2150
Houston, Texas 77002
Telephone: (713) 860-1600
Facsimile: (713) 860-1699

KELLER ROHRBACK, L.L.P.
Lynn Lincoln Sarko
Michael Woerner
Mark A. Griffin
1201 Third Avenue, Suite 3200
Seattle, Washington 98101
Telephone: (206) 623-1900
Facsimile: (206) 623-3384

Counsel for Plaintiffs and the Class

CLASS ACTION COMPLAINT - 15

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE (206) 623-1900
FACSIMILE (206) 623-3384

AO 440 (Rev. 10/93) Summons in a Civil Action

# United States District Court

## DISTRICT OF

CATHERINE DURIVAGE, on behalf of herself
and others similarly situated

**SUMMONS IN A CIVIL CASE**

V.

CASE NUMBER:

B-00-170

THE HEARST CORPORATION, ET AL

TO: (Name and address of defendant)

The Hearst Corporation
Registered Agent: CT Corporation System
111 Eighth Avenue
New York, NY 10011

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Michael R. Cowen
MICHAEL R. COWEN, P.C.
765 E. 7th Street, Suite A
Brownsville, Tx. 78520

an answer to the complaint which is herewith served upon you, within ___twenty (20)___ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Michael N Milby, Clerk

CLERK

Orlober 24, 2000

DATE

(BY) DEPUTY CLERK

AO 440 (Rev. 10/93) Summons in a Civil Action

# United States District Court

──────── DISTRICT OF ────────

CATHERINE DURIWAGE, on behalf of herself
and others similarly situated

**SUMMONS IN A CIVIL CASE**

V.

THE HEARST CORPORATION, ET AL

CASE NUMBER:

## B-00-170

TO: (Name and address of defendant)

Primedia, Inc.
Registered Agent:   The Corporation Trust Company
                    Corporation Trust Center
                    1209 Orange Street
                    Wilmington, DE  19801

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Michael R. Cowen
MICHAEL R. COWEN, P.C.
765 E. 7th Street, Suite A
Brownsville, Tx. 78520

an answer to the complaint which is herewith served upon you, within ___twenty (20)___ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Michael N. Milby, Clerk

_____
CLERK

October 24, 2000
_____
DATE

_Elizabeth Rienos_
(BY) DEPUTY CLERK

AO 440 (Rev. 10/93) Summons in a Civil Action

# United States District Court

## ──────────── DISTRICT OF ────────────

CATHERINE DURIVAGE, on behalf of herself
and others similarly situated

### SUMMONS IN A CIVIL CASE

V.

CASE NUMBER:

## B-00-170

THE HEARST CORPORATION, ET AL

TO: (Name and address of defendant)

Meredith Corporation
Registered Agent:   Thomas L. Slaughter
                    1716 Locust Street
                    Des Moines, Iowa  50309-3023

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Michael R. Cowen
MICHAEL R. COWEN, P.C.
765 E. 7th Street, Suite A
Brownsville, Tx. 78520

an answer to the complaint which is herewith served upon you, within **twenty (20)** days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Michael N Milby, Clerk

_____
CLERK

October 24, 2000

_____
DATE

_____
(BY) DEPUTY CLERK

CMPDF - www.fuxivo.com

AO 440 (Rev. 10/93) Summons in a Civil Action

# United States District Court

### DISTRICT OF

CATHERINE DURIVAGE, on behalf of herself
and others similarly situated

## SUMMONS IN A CIVIL CASE

V.

CASE NUMBER: B-00-170

THE HEARST CORPORATION, ET AL

TO: (Name and address of defendant)

TV Guide, Inc.
Registered Agent:   The Corporation Trust Company
                    Corporation Trust Center
                    1209 Orange Street
                    Wilmington, DE 19801

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Michael R. Cowen
MICHAEL R. COWEN, P.C.
765 E. 7th Street, Suite A
Brownsville, Tx. 78520

an answer to the complaint which is herewith served upon you, within ___twenty (20)___ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Michael N Milby, Clerk

CLERK

DATE  October 24, 2000

(BY) DEPUTY CLERK

AO 440 (Rev. 10/93) Summons in a Civil Action

# United States District Court

─────────── DISTRICT OF ───────────

CATHERINE DURIVAGE, on behalf of herself
and others similarly situated

## SUMMONS IN A CIVIL CASE

### V.

THE HEARST CORPORATION, ET AL.

CASE NUMBER: B-00-170

TO: (Name and address of defendant)

The Reader's Digest Association, Inc.
Registered Agent:  The Prentice Hall Corporation System
                   1013 Centre Road
                   Wilmington,DE 19805

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Michael R. Cowen
MICHAEL R. COWEN, P.C.
765 E. 7th Street, suite A
Brownsville, Tx. 78520

an answer to the complaint which is herewith served upon you, within ____**twenty (20)**____ days after
service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken
against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a
reasonable period of time after service.

Michael N Milby, Clerk

CLERK

DATE  October 24, 2000

(BY) DEPUTY CLERK

AO 440 (Rev. 10/93) Summons in a Civil Action

# United States District Court

————————————— DISTRICT OF —————————————

CATHERINE DURIVAGE, on behalf of herself
and others similarly situated

**SUMMONS IN A CIVIL CASE**

V.

THE HEARST CORPORATION, ET AL

CASE NUMBER: B-00-170

TO: (Name and address of defendant)

Time, Inc.
Registered Agent:   CT Corporation System
                    111 Eighth Avenue
                    New York, NY 10011

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Michael R. Cowen
MICHAEL R. COWEN, P.C.
765 E. 7th Street, Suite A
Brownsville, Tx.78520

an answer to the complaint which is herewith served upon you, within ___twenty (20)___ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Michael N Milby, Clerk

CLERK

_____
(BY) DEPUTY CLERK

October 24, 2000

DATE