United States District Court
Southern District of Texas
FILED

DEC 05 2000

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

CATHERINE DURIVAGE, on behalf of herself )
and all others similarly situated, )
) No. B-00-170
    Plaintiffs, )
)
v. )
)
THE HEARST CORPORATION, TIME, INC. )
THE CONDÉ NAST PUBLICATINS, INC.; )
THE READER'S DIGEST ASSOCIATION, )
INC.; TV GUIDE, INC.; MEREDITH )
CORPORATION; GRUNER + JAHR )
PRINTING & PUBLISHING COMPANY; )
RODALE PRESS, INC.; ZIFF-DAVIS INC.; )
NEWSWEEK, INC.; INTERNATIONAL )
DATA GROUP, INC.; PRIMEDIA, INC. and )
MAGAZINE PUBLISHERS OF AMERICA, )
)
    Defendants. )
)
_____ )

## UNOPPOSED MOTION TO TRANSFER VENUE

TO TH HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to 28 U.S.C. § 1404, for the convenience of the parties and witnesses and in the interest of justice, Plaintiff herein respectfully requests that this action be transferred to the U.S. District Court for the Southern District of New York for consolidation with 22 substantially similar consolidated class actions pending there against the same defendants, styled *In re Magazine Antitrust Litigation*, 00 Civ. 4889 (filed June 30, 2000) before the Honorable Richard Conway Casey, United States District Judge.  Most of the defendants' principal places of business are in New York (Meredith Corporation is in Des Moines, Iowa, TV Guide in Tulsa, Oklahoma, and Rodale Press in Emmaus, Pennsylvania; Newsweek is near New York in Washington, D.C.)  The defendants have been served, but have not yet answered, and Plaintiff has agreed to extend their time to answer

pending this Court's decision on transfer. Plaintiff's counsel has contacted counsel for the defendants, who agree to this the motion to transfer. Judge Casey has ordered that any other actions filed in or transferred to that district which arise out of facts similar to those alleged in the consolidated actions shall be consolidated for all purposes as and when they are drawn to the Court's attention. A copy of his October 4, 2000 Order is attached hereto as Exhibit A.

Therefore, Plaintiff respectfully requests that the Court grant her motion to transfer and enter an order in the form proposed herewith and grant such other and further relief to which she may be entitled.

Respectfully submitted,

LAW OFFICES OF MICHAEL R. COWEN, P.C.

By: *(signature)*

Michael R. Cowen
State Bar No. 00795306
Southern District of Texas No. 19967
765 E. Street, Suite A
Brownsville, Texas 78520
Telephone: (956) 541-4981
Facsimile: (956) 504-3674

SCHIRRMEISTER AJAMIE, L.L.P.
Thomas R. Ajamie
State Bar No. 00952400
Southern District of Texas No. 6165
Andrew C. Schirrmeister III
State Bar No. 17750650
Southern District of Texas No. 5546
Pennzoil Place - South Tower
711 Louisiana, Suite 2150
Houston, Texas 77002
Telephone: (713) 860-1600
Facsimile: (713) 860-1699

KELLER ROHRBACK, L.L.P.
Lynn Lincoln Sarko
Micheal Woerner
Mark A. Griffin
1201 Third Avenue, Suite 3200
Seattle, Washington 98101
Telephone: (206) 623-1900
Facsimile: (206) 623-3384

Counsel for Plaintiff and the Class

## Certificate of Conference

This is to certify that James R. Anderson, counsel for defendants, has advised counsel for plaintiff, on behalf of the defendants who have been served, that the defendants agree to the Motion to Transfer.

_____
Thomas R. Ajamie

## Certificate of Service

This is to certify that on this 5th day of December, 2000, the foregoing Plaintiff's Motion to Transfer and accompanying proposed Order granting the motion were served on the following counsel of record in accordance with the Federal Rules of Civil Procedure.

James R. Anderson
McDermott, Will & Emery
50 Rockefeller Plaza
New York, NY 10020-1605

_____
Michael R. Cowen

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------x

HEATHER HUFFMAN; KATHY GERLACH; and
MICHELE GRABELL, on behalf of themselves
and all others similarly situated,

        Plaintiffs,

-against-

        CASE NO. 4889

THE HEARST CORPORATION; TIME INC.;
THE CONDÉ NAST PUBLICATIONS, INC.;
THE READER'S DIGEST ASSOCIATION,
INC.; TV GUIDE, INC.; MEREDITH
CORPORATION; GRUNER + JAHR
PRINTING & PUBLISHING COMPANY;
RODALE PRESS, INC.; ZIFF-DAVIS INC.;
NEWSWEEK, INC.; INTERNATIONAL
DATA GROUP, INC.; PRIMEDIA, INC.;
and MAGAZINE PUBLISHERS OF AMERICA,

        CIVIL CASE MANAGEMENT PLAN
        (JUDGE RICHARD CONWAY CASEY)

        Defendants.

---------------------------------------x

## [PROPOSED] PRE-TRIAL ORDER NO. 1

WHEREAS, on June 30, 2000, Plaintiffs Heather Huffman, Kathy Gerlach and Michele Grabell (the "Huffman Plaintiffs") filed in this Court a putative class action complaint asserting claims under the federal antitrust laws against the Hearst Corporation; Time Inc.; The Condé Nast Publications, Inc.; The Reader's Digest Association, Inc.; TV Guide, Inc.; Meredith Corporation; Gruner + Jahr Printing & Publishing Company; Rodale Press, Inc.; Ziff-Davis Inc.; Newsweek, Inc.; International Data Group, Inc.; Primedia, Inc.; and Magazine Publishers of America, arising out of

certain alleged anti-competitive actions taken by the Defendants over at least the last few years and continuing through the present day; and

WHEREAS, after June 30, 2000, numerous actions, which contain substantially similar allegations of wrongdoing by defendants in the Huffman action, as well as wrongdoing by additional defendants, including Tribune Company and Hachette Filipacchi Magazines, Inc., and raise substantially similar factual and legal issues as the Huffman Plaintiffs' complaint (the "Related Actions"), were filed in this Court; and

WHEREAS, pursuant to the Court's direction, the parties have met and conferred regarding the establishment of a Case Management Plan and Scheduling Order pursuant to Rules 16 and 26(f) of the Federal Rules of Civil Procedure;

IT IS HEREBY ORDERED, that, after consultation with counsel for all parties, the following Case Management Plan and scheduling order pursuant to Rule 16 and 26(f) of the Federal Rules of Civil Procedure shall be entered:

## I. CONSOLIDATION OF RELATED ACTIONS

1. The following Related Actions are hereby consolidated in one proceeding for all purposes: Huffman et al. vs. Hearst, et al., 00CIV4889; Thompson, et al. vs. Hearst, et al., 00CIV5142; Schwartz, et al. vs. Hearst, et al., 00CIV5567; Brickhouse, et al. vs. Hearst, et al., 00CIV5634; Thompson, et al. vs. Hearst, et al., 00CIV5778; Faintuck et al. vs. Hearst, et al., 00CIV5798; Turner et al. vs. Hearst, et al., 00CIV5797; Weisman, et al. vs. Hearst, et al., 00CIV5816; Dutton, et al. vs. Hearst et al., 00CIV5205; Dufresne, et al. vs. Hearst, et al., 00CIV5318; Dickstein, et al. vs. Hearst, et al., 00CIV5658; DeVaney, et al. Hearst, et al., 00CIV5800; Riley, et al. vs. Hearst et al., 00CIV5814; Smith, et al. vs. Hearst, et al., 00CIV5912;

2

Gabriel, et al. vs. Hearst, et al., 00CIV5799; Dornfeld, et al. vs. Hearst, et al., 00CIV5801; Rosenberg, et al. vs. Hearst, et al., 00CIV5813; Hagler, et al. vs. Hearst, et al., 00CIV5816; Wrenn, et al. vs. Hearst, et al., 00CIV5921; Klein, et al. vs. Hearst, et al., 00CIV6360; McGowan, et al. vs. Hearst, et al., 00CIV5363; Moreno-Sanchez, et al. vs. Hearst, et al., 00CIV5922; Johnson, et al. vs. Hearst, et al., 00CIV6820. "Defendants" as used herein shall include all Defendants named in each and every one of the Related Actions consolidated thereunder. A Consolidated Amended Complaint, in the form attached hereto as Exhibit A, will be filed forthwith by Plaintiffs, and shall supercede the complaints filed in the Huffman Action and the Related Actions.

2. The files of the above Related Actions shall be maintained in one file under Master File Number 00 Civ. 4889. Any other actions hereafter filed in, or transferred to, this district which arise out of similar facts as those alleged in the above Related Actions shall be consolidated with those Actions (collectively, hereinafter referred to as the "Consolidated Actions") for all purposes, as and when they are drawn to the Court's attention. Any action that is consolidated pursuant to this paragraph must be served on each party to the Consolidated Action, as provided by the Fed. R. Civ. P., and nothing in this Order requires that a party accept service of such a pleading.

3. Every pleading filed in any separate action included herein, shall bear the following caption:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| In Re MAGAZINE ANTITRUST LITIGATION : | 00 Civ. 4889 |
|---|---|
| This Document Relates To:<br>(Specify All Actions or Particular Actions) : | Hon. Richard Conway Casey<br><br>CLASS ACTION |

3

4. A Master Docket and a Master File are hereby established for this and all Consolidated Actions. Entries in said Master Docket shall be applicable to the Consolidated Actions as more fully set forth below.

5. When a pleading is filed and the caption, pursuant to ¶ 3, above, shows that it is to be applicable to "All Actions," the Clerk shall file such pleading in the Master File. No further copies need be filed.

6. When a pleading is filed and the caption, pursuant to ¶ 3, above, shows that it is to be applicable to fewer than all of the Consolidated Actions, the Clerk need file such pleading only in the Master File.

7. When a case which properly belongs as part of the Consolidated Actions is hereafter filed in this Court or transferred to this Court from another court and assigned to this Court, the Clerk of this Court shall:

    a. Place a copy of this Order in the separate file for such action.

    b. Mail to the attorneys for the plaintiff(s) in the newly-filed or transferred case a copy of this Order and direct that this Order be served upon or mailed to any new defendant(s) in the newly-filed or transferred case, or their counsel.

    c. Make an appropriate entry in the Master Docket. This Court requests the assistance of counsel in calling to the attention of the Clerk of this Court the filing or transfer of any case which might properly be consolidated as part of the Related Actions.

8. This Pre-Trial Order No. 1 shall apply to each case subsequently filed in this Court or transferred to this Court which is related to the Consolidated Actions, except that this Order shall not apply if (a) cases transferred to this Court may be subject to transfer back to their original forum, or, (b) a party objecting to the consolidation of such case or to any other provision of this Order,

4

within ten (10) days after the date upon which a copy of this Order is mailed to counsel for such party, files an application for relief from this Order or any provision therein, and this Court deems it appropriate to grant such application.

9. Subject to ¶17 below, this Pre-Trial Order No. 1 shall not be deemed to constitute a waiver of any procedural or substantive claims or defenses of any of the parties hereto, including without limitation, defenses related to service of process.

10. The parties shall promptly negotiate the terms of an appropriate confidentiality order. Prior to the entry of a confidentiality order, all discovery produced or exchanged by the parties shall be treated as strictly confidential, and shall not be disclosed to anyone other than counsel (and experts) for the parties and this Court personnel until an appropriate confidentiality order is entered. In the event that the parties cannot agree on a confidentiality order within thirty (30) days of the effective date of this Order, the parties shall submit their respective proposed orders to the Court.

## II.  ORGANIZATION OF PLAINTIFFS' COUNSEL

11. The organizational structure of the Plaintiffs' counsel established by this Order shall be applicable to the Consolidated Actions, including any actions subsequently filed that are related to the current actions.

12. Bruce E. Gerstein, Esq., on behalf of Garwin, Bronzaft, Gerstein & Fisher and H. Laddie Montague, Jr., Esq. on behalf of Berger & Montague shall serve as Co-Lead Counsel for Plaintiffs (hereinafter, "Co-Lead Counsel").

13. Co-Lead Counsel shall have the following responsibilities and duties in the Consolidated Actions, to be carried out through designated counsel:

5

    a. To provide general coordination of activities of Plaintiffs' counsel and to delegate work responsibilities to designated counsel as may be deemed necessary or desirable;

    b. To consult with and employ experts;

    c. To coordinate the briefing and argument of motions and preparation, service and filing of opposing briefs in proceedings initiated by other parties;

    d. To coordinate the initiation and conduct of discovery proceedings, including, but not limited to, the preparation of joint written interrogatories and requests for the production of documents and the examination of witnesses in depositions and in oral interrogatories;

    e. To initiate and conduct all negotiations and discussions with counsel for Defendants;

    f. To call meetings of Plaintiffs' counsel when appropriate;

    g. To coordinate and communicate with Plaintiffs' and Defendants' Counsel, and the Court with respect to matters addressed in this paragraph;

    h. To determine the selection of counsel to act as the Plaintiffs' spokesperson(s) at any pretrial conferences;

    i. To receive periodic time reports of all lawyers acting on behalf of the Plaintiffs and/or persons that Plaintiffs seek to, or do represent in the Consolidated Actions;

    j. To perform such other duties and undertake such other responsibilities as deemed necessary or desirable in connection with the prosecution of the Consolidated Actions.

14. Co-Lead Counsel for the Plaintiffs shall be authorized to receive orders, notices, correspondence and telephone calls from the Court and the Clerk of the Court on behalf of all Plaintiffs, and shall be responsible for the preparation and the distribution to Plaintiffs' counsel of copies of such orders, notices, correspondence and other directions from the Court. Co-Lead Counsel shall also be responsible for the creation and maintenance of a master service list of all parties and their respective counsel.

15. Where a single pleading, motion or other paper directed to all Plaintiffs is filed by Defendants, the response likewise shall be made in a single pleading, response, or other paper filed on behalf of all Plaintiffs by Plaintiffs' Co-Lead Counsel, and all Plaintiffs shall be bound thereby.

16. Defendants shall effect service of all moving and responding papers as well as discovery requests and notices, on Plaintiffs by serving a copy of same on Co-Lead Counsel by overnight mail service, hand delivery or facsimile unless otherwise agreed. Plaintiffs shall effect service of all moving and responding papers, as well as discovery requests and notices, on Defendants by serving a copy of same on Defendants' Counsel by overnight mail service, hand delivery or facsimile unless otherwise agreed.

17. Defendants' undersigned counsel will accept service on behalf of the Defendants, in accordance with the Federal Rules of Civil Procedure, of the Consolidated Amended Complaint filed as Exhibit A hereto, and the complaints in the Related Actions listed in ¶1 above.

### III. SCHEDULING

18. Plaintiffs shall file forthwith the Consolidated Amended Complaint.

19. The parties shall follow the schedule ~~attached hereto as Exhibit B.~~ as ordered by the Court.

20. All motions and applications shall be governed by the Court's Individual Rules of Practice.

21. Counsel do not consent to trial by a U.S. Magistrate Judge.

NEXT CASE MANAGEMENT CONFERENCE _____
(To be completed by Court)

7

## IV. PRESERVATION OF DOCUMENTS

22. The parties shall promptly negotiate in good faith the terms of an appropriate order for the preservation of documents. In the event that the parties cannot agree on a preservation order within thirty (30) days of the effective date of this Order, the parties shall submit their respective proposed orders to the Court.

## V. EXCHANGE OF INFORMATION AMONG COUNSEL

23. The exchange or disclosure of information or documents between or among counsel for Plaintiffs, or between or among counsel for Defendants, in connection with the Consolidated Actions and/or any other actions filed or transferred to this Court, shall not be construed as a waiver of any attorney-client, work product, or other privilege.

## VI. ADMISSION OF ATTORNEYS

24. Each attorney not a member of the bar of this Court who is acting as counsel for a Plaintiff or Defendant herein shall be deemed admitted pro hac vice to practice before this Court in connection with these proceedings.

## VII. MODIFICATIONS OF THIS PRETRIAL ORDER NO. 1

25. Any party to the Related Actions may move at any time for modification of any portion of this Order for good cause shown.

SO ORDERED:

DATED: New York, New York
Oct. 4, 2000

*Richard Conway Casey* (signature)
Hon. Richard Conway Casey
United States District Judge

8